UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

MARIO IGLESIA, JOSHUA JUARBE, LUIS
FIGUEROA and ADRIAN CARRION,

                                    Plaintiffs,

                    -against-

Police Officer ROBERT E. ANDERSEN, Shield
No. 5723; Police Officer SALVATOR
LOPICCOLO, Shield No. 15555; Detective
VICTOR FALCON, Shield No. 14750; Police
Officer ANTHONY NUCCIO, Shield No. 17523;
Police Officer JOHN ANASTASAKOS, Shield
No. 18889; Police Officer LUIS GONZALEZ,
Shield No. 15143; Sergeant VIET CAO, Shield No.
1925; JOSEPH BURKE, EMT # 6092;
CHRISTINA ESTEVEZ, EMT # 7099; Police
Officers JOHN and JANE DOE 4 through 10,
individually and in their official capacities (the
names John and Jane Doe being fictitious, as the
true names are presently unknown); EMT Worker
JOHN or JANE DOE, individually and in his/her
official capacities (the names John and Jane Doe
being fictitious, as the true name is presently
unknown),

                                    Defendants.

------------------------------------------------------------------ x

**FIRST AMENDED COMPLAINT**

Jury Trial Demanded

14 CV 2266 (RJD) (MDG)

## <u>NATURE OF THE ACTION</u>

1.      This is an action to recover money damages arising out of the violation

of plaintiffs' rights under the Constitution.

## JURISDICTION AND VENUE

2.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3.      The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5.      Plaintiffs demand a trial by jury in this action.

## PARTIES

6.      Plaintiff Mario Iglesia ("Mr. Iglesia") is a resident of Kings County in the City and State of New York.

7.      Plaintiff Joshua Juarbe ("Mr. Juarbe") is a resident of Kings County in the City and State of New York.

8.      Plaintiff Luis Figueroa ("Mr. Figueroa") is a resident of Kings County in the City and State of New York.

9.      Plaintiff Adrian Carrion ("Mr. Carrion") is a resident of Kings County in the City and State of New York.

10.     Defendant Police Officer Robert E. Andersen, Shield No. 5723 ("Andersen"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Andersen is sued in his individual and official capacities.

11.     Defendant Police Officer Salvator LoPiccolo, Shield No. 15555 ("LoPiccolo"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant LoPiccolo is sued in his individual and official capacities.

12.     Defendant Detective Victor Falcon, Shield No. 14750 ("Falcon"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Falcon is sued in his individual and official capacities.

13.     Defendant Police Officer Anthony Nuccio, Shield No. 17523 ("Nuccio"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Nuccio is sued in his individual and official capacities.

14.     Defendant Police Officer John Anastasakos, Shield No. 18889 ("Anastasakos"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Anastasakos is sued in his individual and official capacities.

15.     Defendant Police Officer Luis Gonzalez, Shield No. 15143 ("Gonzalez"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Gonzalez is sued in his individual and official capacities.

16.     Defendant Sergeant Viet Cao, Shield No. 1925 ("Cao"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Cao is sued in his individual and official capacities.

17.     Defendant EMT worker Joseph Burke, Shield No. 6092 ("Burke"), at all times relevant herein, was an officer, employee and agent of the City of New York. Defendant Burke is sued in his individual and official capacities.

18.     Defendant EMT worker Christina Estevez, Shield No. 7099 ("Estevez"), at all times relevant herein, was an officer, employee and agent of the City of New York.  Defendant Estevez is sued in her individual and official capacities.

19.     At all times relevant defendants John and Jane Doe 4 through 10 were police officers, detectives or supervisors employed by the NYPD.  Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 4 through 10.

20.     At all times relevant defendant John or Jane Doe was an EMT worker, employed by the City of New York.  Plaintiff does not know the real name and shield numbers of defendant EMT worker John or Jane Doe.

21.     At all times relevant herein, defendant police officers John and Jane Doe 4 through 10 and defendant EMT worker John or Jane Doe, were acting as agents, servants and employees of defendant City of New York and the NYPD.  Defendant

4

police officers John and Jane Doe 4 through 10 and defendant EMT worker John or Jane Doe are sued in their individual and official capacities.

22.     At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

23.     At approximately 5:00 a.m. on November 3, 2012, plaintiffs were lawfully in the area of 920 Fourth Avenue in Brooklyn, New York.

24.     Mr. Iglesia was lawfully exiting a bodega when defendants unlawfully assaulted him, including by striking him in his face and chest with closed fists.

25.     Without probable cause or reasonable suspicion to believe Mr. Iglesia had committed any crime or offense, defendants threw plaintiff Iglesia up against a car, handcuffed and maced him.

26.     When Mr. Juarbe witnessed Mr. Iglesia being assaulted by defendants he began recording the assault with his cellphone.

27.     Suddenly, a defendant police officer ran toward Mr. Juarbe, threw him to the ground, took his cellphone and handcuffed plaintiff Juarbe.

28.     After Mr. Juarbe was on the ground and handcuffed, a defendant officer punched him squarely in his face several times while other officers kicked him.

29.     When Mr. Carrion witnessed defendants assaulting Mr. Iglesia he also began recording the assault with his cellphone.

5

30.    A defendant EMT worker rushed Mr. Carrion and smacked his phone out of his hands.

31.    Defendant police officers rushed Mr. Carrion, threw him to the ground and began punching and kicking him.  Defendants punched Mr. Carrion in his face several times.

32.    Mr. Figueroa had also been recording the assault by defendants on his cellphone, but became scared and stopped recording.

33.    As Mr. Figueroa stood silently witnessing the attacks, defendants handcuffed him for no lawful reason.

34.    Upon information and belief, defendants purposefully damaged plaintiffs' cell phones in an effort to prevent recovery of the footage.

35.    Without probable cause or arguable probable cause to believe plaintiffs had committed any crime or offense, defendants ultimately arrested all plaintiffs.

36.    Plaintiffs were taken to the 72nd Precinct.

37.    At the precinct the officers falsely informed employees of the Kings County District Attorney's Office that they had observed plaintiffs commit various crimes including assault in the 2nd degree, a felony, assault in the 3rd degree, obstructing governmental administration and disorderly conduct and prepared false paperwork including an arrest report.

38.    At no point did the officers observe plaintiffs commit a crime.

6

39. Plaintiffs were eventually taken to Brooklyn Central Booking.

40. Messrs. Iglesia, Juarbe, Carrion and Figueroa were arraigned in Kings County Criminal Court and, after being held for approximately 24 hours, were released on their own recognizance.

41. The charges against Joshua Juarbe were dismissed in their entirety on May 31, 2013.

42. After returning to court approximately nine times over the span of nearly 15 months, Messrs. Iglesia, Figueroa and Carrion accepted adjournments in contemplation of dismissal on March 13, 2014.

43. Plaintiffs suffered damage as a result of defendants' actions. Plaintiffs were deprived of their liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to their reputations.

## FIRST CLAIM
### Unlawful Stop and Search (Officer Defendants)

44. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

45. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiffs without reasonable suspicion.

46. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages herein before alleged.

## SECOND CLAIM
### False Arrest (Officer Defendants)

47.     Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

48.     Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiffs without probable cause.

49.     As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Malicious Prosecution (Officer Defendants)

50.     Plaintiff Joshua Juarbe repeats and realleges each and every allegation as if fully set forth herein.

51.     By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff Juarbe under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

52.     Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights.   The prosecution by defendants of plaintiff constituted malicious prosecution in that there was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

53.     As a direct and proximate result of defendants' unlawful actions, plaintiff suffered, and will continue to suffer, damages, including mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## FOURTH CLAIM
### Unreasonable Force (All Defendants)

54.     Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

55.     The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

56.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Denial Of Constitutional Right To Fair Trial (All Defendants)

57.     Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

58.     The individual defendants created false evidence against plaintiffs.

59.     The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

60.     In creating false evidence against plaintiffs, and in forwarding false information to prosecutors, the individual defendants violated plaintiffs' constitutional right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

61.     As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### Failure To Intervene (All Defendants)

62.     Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

63.     Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

64.     Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

65.     As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

# PRAYER FOR RELIEF

**WHEREFORE**, plaintiffs respectfully request judgment against defendants as follows:

(a)  Compensatory damages against all defendants, jointly and severally;

(b)  Punitive damages against the individual defendants, jointly and severally;

(c)  Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d)  Such other and further relief as this Court deems just and proper.


DATED:      October 15, 2014
            New York, New York


HARVIS WRIGHT & FETT LLP


_____
Baree N. Fett
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880
bfett@hwandf.com

*Attorneys for plaintiffs*